Margaret L. Brady, Appellant, v. Henry D. Prettyman and Richard H. Parrish, Individually and Trading as Prettyman and Parrish.

*Negligence—Fall of scaffolding—Master and servant.*

A workman employed by contractors to do the roofing in a building operation is not entitled to recover damages from the owners for personal injuries caused by the fall of scaffolding erected by the latter, where it appears that the scaffolding was erected for the contractors for the cornice work; that the work done by the cornice men was entirely distinct from the work done by the roofers; that the plaintiff was not upon the scaffold in pursuance of any roofing work, or in pursuance of any work for the owners or for the cornice men; that he was not an employee of the defendant; that his presence on the scaffold was a voluntary and an unwarranted act on his part, and that the owners were not aware of his presence upon the scaffold before or at the time of its fall.

Argued March 23, 1898.   Reargued January 18, 1899.   Appeal, No. 434, Jan. T., 1897, by plaintiff, from judgment of C. P. No. 1, Phila. Co., June T., 1896, No. 1249, on verdict for defendants.   Before STERRETT, C. J., GREEN, WILLIAMS, DEAN and FELL, JJ., on argument.   Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ., on reargument.   Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before BRÉGY, J.

At the trial it appeared that the deceased died on July 17, 1896, from injuries caused by the fall of a scaffolding of a building operation at Sixteenth and Jackson streets in the city of

Philadelphia. The deceased was employed by Simpson & Murray who were the contractors for the roofing. The scaffolding was erected by Prettyman & Parrish, the owners of the operation, for Jacob A. Bohem & Brother, the contractors for the cornice work.

Other facts appear by the opinion of the Supreme Court.

The court directed a verdict for the defendants, on the ground that the evidence showed that the deceased had no business or duties upon the scaffold at the time the accident occurred.

Verdict and judgment for defendants. Plaintiff appealed.

*Error assigned* was in directing verdict for defendants.

*Thad. L. Vanderslice*, with him *Charles L. Smyth* and *Christopher H. Murray*, for appellant.—The general rule is that while the owner of real estate is not bound to provide safeguards for wrongdoers, he is bound to take care that those who come upon his premises by his express or implied invitation be protected against injury resulting from unsafe conditions of his premises, or from other perils, the existence of which the invited party had no reason to look for: Glase v. Phila., 169 Pa. 488; Johnston v. Ott Bros., 155 Pa. 17; School Furniture Co. v. Warsaw School District, 122 Pa. 494; Brunner v. Telegraph Co., 151 Pa. 447.

Whether this servant, the plaintiff, " at the time of the accident was engaged at work within the scope of his employment," and, whether he was " at a place where he had a right to be," the evidence on both sides being conflicting, it is submitted the judges could not determine, but should have submitted it to the jury: Guinney v. Hand, 153 Pa. 404; Johnson v. Armour, 18 Fed. Rep. 490; Dwinelle v. R. R. Co., 120 N. Y. 117.

No paper-book was filed or oral argument offered for appellees.

Opinion by Mr. Justice McCollum, December 30, 1899:

While Charles Brady, with Hoffner and Rowan, were upon a scaffold erected by direction of defendants, it gave way and they, with it, fell to the ground. The injuries which Brady received by his fall resulted in his death three days after the

occurrence, and this suit was brought by his widow to recover damages therefor. On the trial of the case evidence was admitted to show that the scaffold was not properly constructed, and this was answered by evidence showing that the scaffold was built for the use of the cornice men, and that it was constructed in the usual and ordinary way that scaffolds for such purposes are built. It is not necessary, however, to consider this evidence in detail, because the material and controlling question is whether Brady was lawfully upon the scaffold at the time it gave way. It is conceded that he was not an employee of the defendants, and that they were not aware of his presence upon the scaffold before or at the time of its fall. He was at no time in their service, nor authorized by his employers to go upon the scaffold. His presence there was voluntary, and an unwarranted act on his part. He was in the service of Simpson and Murray, who had a contract with the defendants to do the slag roofing and the tin work to complete sixty-six houses. The work that Brady was employed to do had no connection with the work for which the scaffold was built. The work done by the cornice men was entirely distinct from the work done by the men who did the slag roofing and tin work under the contract of Simpson and Murray with the defendants. Brady was not called to the scaffold in the performance of any work under said contract, and strictly speaking he had no right or business there. Upon the admitted and established facts in the case the plaintiff was not entitled to recover. The assignment of error is therefore overruled and the judgment entered by the court below is affirmed.