EFFIE CRAMBLITT, Appellee, v. PERCIVAL-PORTER COMPANY, Appellant.

**Negligence:** INDEPENDENT CONTRACTOR: LIABILITY OF EMPLOYER. The negligence of an independent contractor can not be imputed to his employer as that of a servant or employee in the ordinary sense; but liability of an independent contractor in a particular instance does not necessarily exclude liability of the employer also for the same injury, but the employer's liability must rest upon his own negligence contributing to the injury and not upon the negligence of the contractor or his servants.

**Same:** LANDLORD AND TENANT: EVIDENCE. In this action for injury to a tenant by falling through the floor of the hallway leading to her apartments, the floor having been removed by an independent contractor in making repairs, the question of whether the employer ought reasonably to have known that the lessee was ignorant of such repairs and that the contractor had left the floor in a dangerous condition, and if so to have advised the tenant or to have lighted the hall light, were for the jury.

**Appeal:** MATTERS NOT TO BE REVIEWED. Where the defendant in an action for damages by a tenant failed to raise the point in the trial court that he was simply the agent of the owner of the property, and the matter was first suggested in reply argument on appeal, the appellate court should not consider the point.

*Appeal from Polk District Court.*—HON. LAWRENCE DE GRAFF, Judge.

SATURDAY, NOVEMBER 22, 1913.

ACTION for damages for personal injuries. There was a directed verdict for the defendant. Upon motion for new trial such verdict was set aside. The defendant appeals from the order setting aside the directed verdict in its favor.— *Affirmed.*

*Stipp & Perry,* for appellant.

*Franklin & Miller,* for appellee.

EVANS, J.—The one question in the case is whether the evidence in the record was sufficient to carry the case to the jury. If so, then the verdict should not have been directed for the defendant in the first instance, and the setting aside of such order later was proper. Otherwise the directed verdict should have been permitted to stand: there being no proper reason shown for setting the same aside. From the brief of appellant we adopt the following as a concise statement of the issues and the salient facts:

Plaintiff in her petition alleged that she was a tenant in possession of a suite of living rooms on the third floor of an apartment house, which rooms were leased to her by the defendant; that defendant entered said premises, ripped up and left open the flooring on the landing leading to her apartments; that plaintiff in ignorance of the dangerous condition of the landing returned to her apartments in the evening and fell through the hole in the landing, whereby she was injured.

The defendant in its answer denied generally the allegations in the petition and stated that at the time in question it had employed a competent and reputable contractor to do certain electrical wiring in and about said premises; that the contract was for a completed result, the means and methods of producing said result being left entirely to said contractor, which contractor at all times had exclusive charge, control, and direction of the work; that, if any of the matters and things alleged by the plaintiff as being negligence existed in fact, they were caused by and were the negligence of said independent contractor and not of the defendant; that the defendant at no time had any knowledge of the existence of any of the defects which the plaintiff alleged existed in the landing facing her apartments; and that plaintiff was guilty of contributory negligence.

The plaintiff, Effie Cramblitt, leased a suite of four rooms for residence purposes in the apartment house at the

southwest corner of Seventh and Center streets, Des Moines. The lease was in writing. The defendant, Percival-Porter Company, had charge of the leasing and management of this building. The rooms of the plaintiff were on the third floor and were reached by a stairway leading from the Seventh street side of the flat. Ascending the stairway to the third floor there was a landing four feet wide east and west by eleven feet long north and south. The south end of this landing was V-shaped and off either wing of the V opened a door leading from the landing to the bedroom and sitting room, respectively, of the plaintiff. This landing was floored with boards six inches wide and the boards ran north and south the length of the landing.

The plaintiff testified: That about 7:45 o'clock on the evening of June 14, 1911, she went to her home, ascended the stairway to the landing on the third floor leading to her apartments, stepped upon the landing, and was about to unlock the door leading to her bedroom when she fell through the floor with either leg astride a joist, thereby sustaining severe internal and external injuries. That some electrical workers had been in her apartments and on the landing the previous day and had ripped up the floor of the landing and had covered the rafters over with oilcloth and left for the day, but of the fact that they were working in and about her apartments and of the alleged dangerous condition of the landing she had no knowledge until after the accident.

Amongst other things the lease provides: 'The lessor, his agents or workmen, may enter premises to inspect the same, make repairs or improvements or to show the property to persons desirous of leasing or purchasing. . . .'

It affirmatively appears that at the time in question the building in question was undergoing alterations and repairs, and the defendant employed by contract the William M. Lennan Company, electrical contractors, who wired the building for electricity. It affirmatively appears that whatever was done in or about the plaintiff's apartments or to the floor on the landing leading thereto was done by the workmen in the employ of the William M. Lennan Company. Mr. Hervey M. Porter testified that the defendant never gave any directions to Mr. Lennan or any of his workmen as to how the work should be done nor supervised nor directed the method by which it should be done; and that the defend-

ant at no time knew that any hole was left in the landing in question, if any was left.

No question is made in this case but that the repairs in progress were being made by an independent contractor and that the affirmative acts of alleged negligence were committed by the servants of such independent contractor. It is undisputed also that the hall where the alleged accident occurred was used by the various tenants and was in the control of the lessor. The principal question argued in the briefs is whether the case is one where the liability, if any, is that of the independent contractor alone and not of the lessor.

I. The doctrine is well settled that the employer of an independent contractor is not liable for the negligence of the independent contractor as such. That is to say, the negligence of the independent contractor is not imputed to the employer as that of a servant or employee in the ordinary sense.

1. NEGLIGENCE: independent contractor: liability of employer.

The fact remains, however, that the liability of an independent contractor in a given case does not necessarily exclude the liability of the employer for the same injury. The liability in such case, however, must be made to rest upon the negligence of the employer himself and not upon that of the contractor or of the contractor's servant. If the employer shall have contributed to the cause of the injury by some breach of duty owing by him to the injured party, then he would be deemed liable as for his own negligence, even though the independent contractor be liable for the same injury on the ground of the negligence of himself or of his own servants. In the application of this general rule to the concrete case, there is considerable confusion and inconsistency in the authorities. The question has been fully discussed and the authorities reviewed in a number of our recent cases. *Winslow v. Commercial Building Co.*, 147 Iowa, 238; *Burner v. Higman*, 127 Iowa, 580; *Hoff v. Shockley*, 122 Iowa, 720. We need not repeat such discussion, and there is

nothing that we can add to it.  In the case before us the lessor had a right to make the attempted repairs and had the right to employ an independent contractor for such purpose.  He was bound, nevertheless, to exercise his right of repair in a reasonable way and with due regard to the rights of the plaintiff in the use of her leased rooms.  The affirmative acts which are charged as negligence were performed by the independent contractor and his servants.  The repairs, however, necessarily involved some temporary breaking of floors and walls, and such breaking was not in itself a negligence.  The condition produced would not have been dangerous if plaintiff had been advised of it.  It is conceded by appellant that the lessor owed to the lessee the duty to maintain the hallway in a reasonably safe condition, subject, of course, to the right of repair.

Upon the evidence before us the question of fact arises whether the lessor ought reasonably to have known that the plaintiff was ignorant of the presence of the repair men, and whether he ought reasonably to have known that they had left the hallway at the close of the day in such exposed and dangerous condition, if they did so leave it, and whether he ought reasonably to have advised the plaintiff of such danger or ought to have adopted some method, by lighting or otherwise, of disclosing such danger to her.  The question at this point relates wholly to the duty of reasonable care to see that the hallway could be safely used by the tenants.  Of course if the plaintiff herself knew the condition, or if she ought to have known or discovered it in the exercise of reasonable care, she has no ground to complain.  We think, however, that it must be said that the evidence was sufficient to carry the case to the jury.  It would be difficult for us to discuss this evidence without possible prejudice to one party or the other in the retrial of the case.  For the purpose of this discussion we necessarily assume the truth of all the testimony on behalf of the plaintiff and consider it in its most favorable light.

2. SAME: landlord and tenant; evidence.

II. In the reply argument the appellant urges upon our attention that he was not the lessor but was the agent only of the lessor. This is a very important fact, if true, and it ought not to have been reserved for reply argument. The point was not urged in the opening argument, and the appellee has had no opportunity to reply to it. The point does not seem to have been made in the motion to direct a verdict in the court below, nor does the record disclose that it was urged upon the attention of the trial court in any way. Having been made here only in the reply argument, we cannot consider it. The opening argument here and the whole controversy in the trial court was made upon the assumption that the appellant was the lessor. The appellant, however, will not be precluded from urging the point upon a new trial if the evidence shall warrant it.

3. APPEAL: matters not to be reviewed.

On the questions properly argued here, the order of the trial court setting aside the directed verdict and granting a new trial was proper, and it is accordingly *Affirmed.*

WEAVER, C. J., and LADD and PRESTON, JJ., concur.