## H. J. STRICKLAND v. THE MONTGOMERY LUMBER COMPANY.

(Filed 29 March, 1916.)

**Negligence—Independent Contractor—Contracts.**

> Under the facts of this case it is held that the defendant could not avoid the damages sought upon the ground that the property causing the injury was operated at the time by an independent contractor, under the authority of *Thomas v. Lumber Co.*, 153 N. C., 351.

ACTION tried at August Term, 1915, of FRANKLIN, before *Peebles, J.*, upon these issues:

1. Were the lands of the plaintiff damaged by the negligence of the defendant? Answer: "Yes."

2. What damage, if any, has plaintiff sustained thereby? Answer: "$1,000."

The following issue was tendered by the defendant, which the court refused to submit:

1. Were Newell & Bryant operating the sawmill and logging railroad as independent contractors at the time of the injury to the lands of plaintiff, as alleged?

Defendant excepted to the refusal of the court to submit the issue, and appealed from the judgment rendered.

*W. M. Person, W. H. Yarborough, Jr.*, for plaintiff.
*F. S. Spruill, W. H. Ruffin, Ben. T. Holden* for defendant.

PER CURIAM. Upon an examination of the evidence in this case and the written contract, we are of opinion that the case is governed by *Thomas v. Lumber Co.*, 153 N. C., 351. In that case *Mr. Justice Manning* reviews all the authorities in an able and exhaustive opinion. That case, like the present one, was an action to recover damages for the burning over of timber lands. The defendant set up the same defense as in this case, that the lumber road was being operated by an independ-

ent contractor; but the Court held that whether the fire originated upon a foul right of way or from a defectively equipped or unskillfully managed engine, the defendant was liable, saying: "The weight of reason and authority is to the effect that where a party is under a duty to the public or a third person to see that work he is doing, or has done, is carefully performed so as to avoid injury to others, he cannot, by letting it to a contractor, avoid liability in case it is negligently done to the injury of another (citing numerous authorities). The duty need not be imposed by statute, though such is frequently the case. If it be a duty imposed by law, the principle is the same as if required by statute. *Cockburn, C. J.,* in *Bower v. Peate, supra.* It arises at law in all cases where more or less danger to others is necessarily incident to the performance of the work let to contract. It is the danger to others, incident to the performance of the work let to contract, that raises the duty and which the employer cannot shift from himself to another so as to avoid liability, should injury result to another from negligence in doing the work." *Arthur v. Henry,* 157 N. C., 393; *Watson v. R. R.,* 164 N. C., 176; *Dunlap v. R. R.,* 167 N. C., 669.

No error.