**Betty Ruth MORRIS, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Harold MORRIS, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. Nos. 3357–64, 3447–64.**

United States District Court
S. D. Alabama, S. D.

Sept. 30, 1966.

Michael J. Salmon, Mobile, Ala., for plaintiffs.

Vernol R. Jansen, Jr., U. S. Atty., Douglas Broward Segrest, Asst. U. S. Atty., Mobile, Ala., for defendant.

DANIEL HOLCOMBE THOMAS, Chief Judge.

## STATEMENT OF THE CASE

This action is brought under the Federal Tort Claims Act against the United States (Title 28, §§ 1346(b), 2671–2680, United States Code). Plaintiff Betty Ruth Morris slipped and fell while at Brookley Air Force Base in Mobile, Alabama, a government reservation. Plaintiff Betty Ruth Morris claims for damages for her personal injuries sustained in the fall and the plaintiff Harold Morris claims for loss of services and medical expenses incurred.

## FINDINGS OF FACT

Plaintiff Betty Ruth Morris accompanied her married daughter to the medical dispensary at Brookley Air Force Base on March 19, 1964, in the afternoon. Plaintiff's daughter was married to a member of the armed services and was therefore a dependent and entitled to go to the dispensary for the purpose of having medical treatment for her child. Plaintiff Betty Ruth Morris was not the dependent of a member of the military at the time of the accident.

On the afternoon in question, plaintiff's daughter went into the dispensary with her infant child and plaintiff remained in the car. There was a driving rain on this day and the wind was described as "gusty". The entrance to the dispensary is of the double door type and, facing the entrance from the outside, the door on the right opens in and the door on the left opens out. The right hand door was normally used for an entrance and the left hand door was normally used for an exit. On March 19, 1964, the weather conditions had caused the normal entrance door to be closed off and the exit door was used for both entrance and exit.

Mrs. Morris became impatient while waiting for her daughter and decided to

go into the dispensary. Upon entering the dispensary, Brookley personnel met her at the doorway and held the door open as she proceeded inside. No warnings were issued. The wind had blown a large amount of water on to the tile floor. Immediately prior to Mrs. Morris' entrance, the floor had been mopped in order to eliminate the puddling. However, wet places on the floor remained after the mopping. Mrs. Morris slipped on the floor after she had proceeded through the door and fell down.

## CONCLUSIONS OF LAW

■ Plaintiff Mrs. Morris was not a dependent of military personnel and was not an invitee of the defendant United States. Plaintiff was a licensee. The rule in Alabama with regard to the duty owed to a licensee is stated in Scoggins v. Atlantic & Gulf Portland Cement Co., 179 Ala. 213, 60 So. 175 (1912).

> "A person who invites another to come on his premises upon a business in which both are concerned is bound to take care that his premises and all appliances provided by the owner as incident to the use of his premises are safe for that other person to come upon and use them as required, or else to give due warning of any danger to be avoided. But where the stranger comes as a guest, or by a bare license, the owner of the premises is only bound to warn him of anything in the nature of a trap upon the premises."

Scoggins v. Atlantic & Gulf Portland Cement Co., supra at 178.

■ It is evident that the defendant was aware of the highly dangerous situation that was created by the presence of the water on the tile floor at the dispensary. This is manifest by the fact that orders were given for the floor to be mopped just prior to the entrance of the plaintiff. This, coupled with the fact that the floor was not sufficiently mopped and the fact that no warning of the dangerous situation was given to the plaintiff makes a case wherein liability can be attached to the defendant government.

■ It appears that the plaintiff, Harold Morris, has incurred medical expenses in the amount of $474.00. Mrs. Morris' injuries consisted of the loss of several teeth and severe bruises on the face and mouth.

It is therefore ordered, adjudged and decreed that the plaintiff Harold Morris have and recover of the defendant United States the sum of $474.00 and the plaintiff Betty Ruth Morris have and recover of the defendant United States the sum of $1,500.00.