This is an appeal prosecuted pro se from a summary judgment entered against appellant, Robert E. Whitehead, and other named corporate defendants who are not parties to this appeal, for the amount of $26,543.98. The sole issue presented for review is the appropriateness of the summary judgment against Whitehead.
Whitehead served as president of Federal Gas Company, Inc., an Alabama corporation which operated several service stations in the Mobile area. Federal Gas purchased substantial quantities of gasoline from appellee, Davison Oil Company, Inc. The invoices for these purchases were made out to Federal Gas and signed by Whitehead.
Davison Oil never received payment for the gasoline. Suit was subsequently filed for the account balance of $20,119.98. Whitehead, Federal Gas, and two other corporations were named as party defendants. The complaint also contained a demand for $4,000.00 allegedly owed by Whitehead to appellee, W.H. Davison, president of Davison Oil Company, on a personal debt. An answer containing a general denial of the complaint allegations was filed by counsel for Whitehead. *Page 1341 
On October 20, 1976 appellees filed a motion for summary judgment against the defendants with a supporting affidavit from W.H. Davison and exhibits. The exhibits included the previously described invoices for the total amount due of $15,705.33, a $3,414.65 check payable to Davison Oil Company which was drawn on one of the corporate defendant's account and returned due to insufficient funds, and a $4,000.00 check payable to W.H. Davison made by Whitehead. No opposing affidavits were filed by Whitehead.
On November 19, 1976, following a hearing at which attorneys for the parties were present, the trial court granted summary judgment against Whitehead and the corporate defendants. A second order was also entered which allowed Whitehead's counsel to withdraw as attorney of record.
There are two questions raised on this appeal which we must answer, those being, first, whether summary judgment was appropriately granted against Whitehead for the amount owed by Federal Gas to Davison Oil, and, second, whether summary judgment was correctly granted against Whitehead for the amount of the personal debt allegedly owed by Whitehead to W.H. Davison.
A motion for summary judgment may be granted only when there is no genuine issue as to a material fact, and the moving party is entitled to a judgment as a matter of law. Ala.R.Civ.P. 56 (c); 6 Moore's Federal Practice § 56.04 (1) (2d ed. 1972); 10 Wright Miller, Federal Practice and Procedure: Civil § 2712 (1973). Applying the law to the facts as disclosed by the pleadings, affidavit, and the accompanying exhibits in this cause, we cannot say that the movants, Davison Oil Company and W.H. Davison, met the burden of proving that they were entitled to a judgment against Whitehead for the corporate debts of Federal Gas as a matter of law.
It is axiomatic that directors and officers of a corporation are merely agents of the corporation and as such are not personally liable for obligations incurred by the corporation in the usual course of business absent a statute, charter provision or personal agreement to the contrary. Rizzo, Inc. v.Alatsas, 27 N.J. 400, 142 A.2d 861 (1958); Nunnelly v. SouthernIron Co., 94 Tenn. 397, 29 S.W. 361 (1895). Thus, applying this rule to the case at bar, it is clear that the debt incurred by Federal Gas for the purchases from Davison Oil Company is an obligation of the corporate defendants alone in the absence of evidence in the record to the contrary.
The documents produced by appellees in support of the motion for summary judgment do not contain sufficient evidence to establish that Whitehead had personally assumed the corporate debts of Federal Gas. The only evidence in the record before this court from which such a conclusion could be drawn is Whitehead's signature on the invoices. However, the invoices, which are merely acknowledgements of the receipt of the gasoline, are made out to Federal Gas. Neither the complaint nor the affidavit supporting the summary judgment motion contains an allegation that Whitehead indicated his intention to assume the corporate obligations as a personal liability by his signature on these papers.
On motion for summary judgment, summary judgment is only appropriate where it appears that the non-moving party could not prevail under any set of conceivable circumstances. Flemingv. Alabama Farm Bureau Mutual Casualty Insurance Company,293 Ala. 719, 310 So.2d 200 (1975); Folmar v. Montgomery Fair,Inc., 293 Ala. 686, 309 So.2d 818 (1975). We cannot reach such a conclusion with regard to Whitehead's liability for the amount owed by Federal Gas to Davison Oil Company.
As to the second question presented in this appeal, we find that the movants met the burden of showing that they were *Page 1342 
entitled to judgment under established principles. The personal debt between Whitehead and W.H. Davison was alleged and evidence was presented by affidavit and exhibit showing the existence of the debt and the amount still owed by Whitehead. No evidence in opposition was filed by Whitehead. He chose instead to rely on the general denial contained in his answer to establish a genuine issue of fact. This was insufficient to defeat the properly supported motion for summary judgment under the wording of Rule 56 (e) of the Alabama Rules of Civil Procedure, to-wit:
 "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."
See also Ray v. Midfield Park, Inc., 293 Ala. 609,308 So.2d 686 (1975).
Accordingly, the trial court decree granting summary judgment against Whitehead for the amount of the personal debt owed to W.H. Davison is hereby affirmed. The summary judgment entered against Whitehead for the amount of the debt owed by Federal Gas to Davison Oil Company is reversed and remanded for further proceedings consistent with this opinion.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
BLOODWORTH, FAULKNER, ALMON and EMBRY, JJ., concur.