This appeal arises out of an action for personal injury brought by Lynneice Taylor, lessee, against Leedy and Company, Inc. (hereinafter Leedy), rental agent for the landlord. On November 1, 1979, Taylor signed a lease for an apartment at Center Place North in Birmingham. The landlord furnished a stove in the apartment. The stove was mounted on the sides of two kitchen cabinets, but was not supported by legs or other bracings. The stove collapsed on June 7, 1980, while Taylor was cooking. The stove's collapse caused a boiling liquid to spill on Taylor's son Paris. Paris sustained permanent injuries resulting in substantial hospitalization and medical expenses. After the accident Lynneice Taylor learned that other stoves in the complex had collapsed prior to the accident in her apartment.
In June 1980 Lynneice Taylor filed an action against Leedy alleging negligent and wanton conduct of the company by either failing to disclose the defect or failing to make repairs to the stove. Leedy moved for a summary judgment pursuant to Rule 56, Alabama Rules of Civil Procedure, arguing that the exculpatory clause in the lease absolved it from liability for negligence and that it was entitled to judgment as a matter of law. The trial court granted the motion and Taylor appeals. We reverse and remand.
The long-established policy of this state subjects the landlord to liability for latent defects of which he knows at the time the lease is made and which he conceals from the tenant. Stallings v. *Page 764 Angelica Uniform Co., Ala., 388 So.2d 942 (1980); JeffersonStandard Life Ins. Co. v. Watson, 242 Ala. 181, 5 So.2d 639
(1942); Scoggins v. Atlantic Gulf Portland Cement Co.,179 Ala. 213, 60 So. 175 (1912). The defendant in the present case is relying upon the exculpatory clause in an obvious attempt to avoid that settled policy. Exculpatory clauses, however, exonerate the landlord from liability for his own future negligence, Matthews v. Mountain Lodge Apartments, Inc., Ala.,388 So.2d 935, 937 (1980), not for concealment of a knownlatent defect which subsequently causes injury. Although past decisions have alluded to this distinction, we wish to make it clear now that a latent defect is an exception to the coverage of an exculpatory clause. Concealment at the time the lease is entered constitutes a (willful) act which is different from amere negligent act. Deen v. Holderfield, 275 Ala. 360,155 So.2d 314 (1963). This exception is a separate consideration from the active/passive concept of negligence which is used to circumvent the legal effect of an exculpatory clause when the negligent act occurs after the commencement of the lease. See,e.g., Matthews v. Mountain Lodge Apartments, Inc., supra.
The injury in the present case occurred from the collapse of a stove furnished by the landlord. There is evidence in the record that other stoves in the complex had collapsed prior to this incident, giving the landlord here notice of this dangerous condition. The fact that the stove was not supported by legs or other bracings at the time the lease was created could be considered a latent defect. The landlord, nonetheless, did not disclose this condition to the tenant. The trial court erred in granting the defendant's motion for summary judgment when the defendant (landlord) did not negate the existence of any material fact upon which the factfinder could conclude in favor of the plaintiff (tenant). Rule 56, Alabama Rules of Civil Procedure. That is, there is evidence, as pointed out above, that the defendant committed a "willful" act by concealing the latent defect from the tenant. The exculpatory clause does not release the landlord from liability for such an act; thus, he was not entitled to judgment as a matter of law. The summary judgment is, therefore, reversed and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, ALMON, SHORES and ADAMS, JJ., concur.
FAULKNER, JONES and EMBRY, JJ., concur specially.