Jackie L. Gardner, lessee, brought this action for personal injury against Pepper Tree Apartments, and Pepper Tree, Ltd., a limited partnership d/b/a Pepper Tree Apartments. (Both are hereinafter referred to as Pepper Tree). Gardner signed a lease for Pepper Tree apartment number 398, located at 701 University Blvd., in Mobile on June 16, 1980. On July 6, 1980, while going down the common stairway leading from her apartment, Gardner allegedly tripped and fell when the heel of her shoe caught on an upraised portion of the second step. This fall resulted in injuries to appellant's neck and shoulders. *Page 1078 
Prior to Gardner's lease, the next door tenant, Robin Grissinger, had fallen after stepping on the same step. The manager of Pepper Tree was notified of Mrs. Grissinger's fall. A former maintenance man was also aware of problems with the stairway prior to Gardner's fall.
Gardner, through her amended complaint, alleged negligent and wanton conduct by Pepper Tree because of its failure to correct, remove or repair the defective condition of the stairway or its failure to warn appellant of the defective condition of the stairway.
Pepper Tree moved for a summary judgment on the grounds that there was no genuine issue as to any material fact and that it was entitled to a judgment as a matter of law. The trial court granted the motion, and Gardner appeals.
Appellees submit that an exculpatory clause in the lease signed by Gardner releases appellees from liability. The pertinent clause reads as follows:
 "It is further understood and agreed that neither the Lessor nor his Agent shall be liable for any damage which may occur on account of any defect in said building, or in said premises or from rain, wind or other causes. Nothing contained herein shall be construed as a warranty that said premises are fit or suitable for the use and purpose for which they are leased."
We reverse and remand this summary judgment, relying upon our decision in Taylor v. Leedy Co., 412 So.2d 763 (Ala. 1982).
In Taylor v. Leedy Co., we said:
 "The long-established policy of this state subjects the landlord to liability for latent defects of which he knows at the time the lease is made and which he conceals from the tenant. Stallings v. Angelica Uniform Co., Ala., 388 So.2d 942 (1980); Jefferson Standard Life Ins. Co. v. Watson, 242 Ala. 181, 5 So.2d 639 (1942); Scoggins v. Atlantic Gulf Portland Cement Co., 179 Ala. 213, 60 So. 175 (1912). The defendant in the present case is relying upon the exculpatory clause in an obvious attempt to avoid that settled policy. Exculpatory clauses, however, exonerate the landlord from liability for his own future negligence, Matthews v. Mountain Lodge Apartments, Inc., Ala., 388 So.2d 935, 937 (1980), not for concealment of a known latent defect which subsequently causes injury. Although past decisions have alluded to this distinction, we wish to make it clear now that a latent defect is an exception to the coverage of an exculpatory clause. Concealment at the time the lease is entered constitutes a (willful) act which is different from a mere negligent act. Deen v. Holderfield, 275 Ala. 360, 155 So.2d 314 (1963). This exception is a separate consideration from the active/passive concept of negligence which is used to circumvent the legal effect of an exculpatory clause when the negligent act occurs after the commencement of the lease. See, e.g., Matthews v. Mountain Lodge Apartments, Inc., supra."
412 So.2d at 763.
In this case, Gardner was injured when she fell down the steps of the common stairway leading to her apartment. There is evidence in the record of at least one previous fall on the same stairway and even the same step prior to Gardner's leasing apartment number 398 and evidence that the manager of the apartment was told of this fall. There is also evidence that a former employee of appellees knew that the stairway was in less than adequate condition. We believe that the issues of notice and liability are questions for the factfinder. If the factfinder decides that appellees had notice of a defect and thus a duty to disclose this alleged latent defect, the exculpatory clause in this lease will not protect them from liability due to Gardner's fall. Therefore, the granting of summary judgment in this case was inappropriate. As was stated in Fountain v. Phillips, 404 So.2d 614 (Ala. 1981):
 "A motion for summary judgment may be granted only when there is no genuine issue as to a material fact and the moving party is entitled to a judgment as a matter of law. Butler v. Michigan Mutual *Page 1079 Insurance Co., [1981] 402 So.2d 949 (Ala. 1981); Studdard v. South Central Bell Telephone Co., 356 So.2d 139 (Ala. 1978); Whitehead v. Davison Oil Co., 352 So.2d 1339 (Ala. 1977).
 "The burden is thus upon the moving party to clearly show that the non-movant could not recover under any discernible circumstances, Whitehead v. Davison Oil Co., 352 So.2d 1339 (Ala. 1977); Browning v. Birmingham News, 348 So.2d 455 (Ala. 1977); Fleming v. Alabama Farm Bureau Mutual Casualty Insurance Co., 293 Ala. 719, 310 So.2d 200 (1975), and all reasonable doubts concerning the genuine issue of material fact must be resolved against the moving party. Campbell v. Alabama Power Co., 378 So.2d 718 (Ala. 1979); Donald v. City National Bank, 295 Ala. 320, 329 So.2d 92 (1976). Lovelace v. Graddick, 295 Ala. 142, 325 So.2d 137 (1975).
 "This burden is substantially increased by the scintilla evidence rule. The scintilla rule requires that a summary judgment not be granted if there is a scintilla of evidence supporting the position of the non-movant. Browning v. Birmingham News, 348 So.2d 455 (Ala. 1977); Folmar v. Montgomery Fair Co., 293 Ala. 686, 309 So.2d 818 (1975). A scintilla of evidence requires only a mere gleam, glimmer, spark, the least bit, or the smallest trace in support of the non-moving party to defeat a summary judgment motion. Watkins v. St. Paul Fire and Marine Insurance Co., 376 So.2d 660 (Ala. 1979)."
This summary judgment is reversed and the cause remanded.
REVERSED AND REMANDED.
MADDOX, JONES, SHORES and BEATTY, JJ., concur.