PER CURIAM.
Plaintiffs Brenda and Alexander Reeves are husband and wife. They filed suit against Property Managers, Inc., which is the rental agent for the owner of the apartments in which the Reeveses are tenants. The suit sought damages for injury allegedly suffered by Brenda Reeves when a part of a brick veneer wall adjacent to the back door of her apartment fell on her knee as she was leaving through the back door. The portion of brick wall which fell was described as decorative veneer, serving no functional purpose. It is located on the exterior wall of the apartment’s kitchen.
The trial court granted a summary judgment in favor of the defendant, and the plaintiffs appealed. We reverse and remand.
*718 The defendant relies on the following provisions of the lease and contends that these contractual provisions exonerate it from liability:
“8. The Lessor shall in no event be liable for damages for stoppage of elevators or heat or electricity or water or for the machinery or appliances pertaining to the building breaking or getting out of order, or being out of repair. The Lessor or Lessor’s Agents or Employees shall, in no event be liable for injury to any person or property caused by any defect in the heating, gas, electrical, water or elevator apparatus. The Lessor (including Lessor’s Agents or employees) shall in no event be liable to any person for any damages of any nature which may occur at any time on account of any defect in said building, premises, improvements thereon, or appurtenances thereto, whether such exists at the date of Lease or arises subsequently thereto, or whether such defect was known or unknown at the time of such injury or damage, or for damages from wind, rain or other cause whatsoever, all claims for such injury or damage being hereby expressly waived by Lessee. Should any of the electrical, water, plumbing, heating, or other equipment belonging to the premises become unserviceable, the Lessor shall have a reasonable time after notification in writing to determine the responsibility and in the event the Lessee is not liable for repairs, and/or replacement, then to have the same repaired within a reasonable time without any liability, however, to the Lessee for damage or inconvenience.

“14. As a part of the consideration hereof, the Lessee hereby covenants and agrees to hold the Lessor, the Lessor’s Rental Agents and the Servants and Employees of either, free and harmless from any and all liability for claims for damages or other claims for personal injury, or death, sustained by Lessee, or sustained by any other person, while on the leased premises or adjacent thereto during the terms of this lease as the result of negligence, or other conduct, of the Lessor, or of the Lessor’s Servants, Agents or Employees.”
Although this Court has declined on two recent occasions to invalidate exculpatory clauses in leases, Matthews v. Mountain Lodge Apartments, Inc., 388 So.2d 935 (Ala.1980), and Walston v. Birdnest Apartments, Inc., 395 So.2d 45 (Ala.1981), it has held that an exculpatory clause does not exonerate the landlord from liability for concealment of a known latent defect which subsequently causes injury. Taylor v. Leedy and Company, Inc., 412 So.2d 763 (Ala.1982); Gardner v. Pepper Tree Apartments, 413 So.2d 1077 (Ala.1982).
In both of these cases, there was some evidence that the landlord knew of the defect prior to the incident causing injury. In both cases, the Court reversed a summary judgment in favor of the landlord. In this case, there is some evidence that the landlord had inspected the brick wall with a contractor some days prior to the incident made the basis of this suit and had noticed that the caulking was loose.
It was, therefore, error to grant summary judgment in favor of the landlord.
REVERSED AND REMANDED.
TORBERT, C. J„ and MADDOX, JONES, SHORES and BEATTY, JJ., concur.