## THE TRURO.[1]

### FLAHERTY *v.* THE TRURO.

*(District Court, E. D. New York. June 8, 1887,)*

1. SHIP-OWNER—LIABILITY FOR NEGLIGENCE—UNSAFE LADDER.
    Libelant, a stevedore, in descending a ladder which led to the hold of the bark T., clasped a batten which had been nailed across the ladder in place of a missing round. The nails at one end of the batten pulled out, and libelant fell to the bottom of the hold, receiving injuries for which this suit was brought. The ladder was furnished by the ship-owner, who knew that it was to be used by the stevedores who were to load the vessel. *Held* that, in providing an unsafe ladder, the ship-owner failed to discharge a duty he was under to the libelant, and was guilty of negligence.
2. SAME—CONTRIBUTORY NEGLIGENCE—FAILURE TO INSPECT.
    Libelant failed to scrutinize the batten before using the ladder. *Held*, that he was as well able to judge of the security of the ladder as the ship-owner, and was chargeable with knowledge of its insecurity equally with the latter; that his failure to so scrutinize the ladder was negligence.

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

**3. SAME—DAMAGE, APPORTIONMENT OF.**

But *held* that, as the contributory negligence of libelant was not willful, gross, or inexcusable, he was entitled to recover a portion of his damages, and was therefore allowed nothing for his pain and suffering, but was allowed the wages he would have earned but for the accident; following *The Explorer,* 20 Fed. Rep. 135; *The Max Morris,* 24 Fed. Rep. 860, 28 Fed. Rep. 881.

In Admiralty.
*Noah. Tebbetts,* for libelant.
*Goodrich, Deady & Goodrich,* for claimants.

BENEDICT, J.   This is an action to recover damages for personal injury.   The facts are not in dispute.   The libelant was employed by one John Delaney, a boss stevedore, to work for him in stowing cargo in the hold of the bark Truro; the stowing of which cargo was to be done by Delaney, under a contract between him and the ship's owner.   The means of access to the hold from the ship's deck was by a moveable ladder, placed in the main hold, and reaching from the deck to the cargo in the hold.   The foot of the ladder rested on the cargo as stowed, and, as the cargo raised in the hold, the ladder raised in the hatch.   It was a poor ladder.   Some of the rounds were gone; and about two and a half feet from its upper end, and as it stood in the hatch at the time of the accident, was a batten fastened at each end to the side piece of the ladder by nails.   When the stowage of the cargo began, the batten was near the coaming of the hatch, and there the coaming, instead of the batten, would be likely to be clasped by the hands of any one going into the hold.   On the morning of Monday this batten was some three feet above the coaming, and the libelant, in preparing to descend the ladder to go to work, took hold of the batten with his hands, when placing his feet on the rounds below.   The batten gave way, the nails on one end pulling out, and the nails on the other end breaking, and the libelant was precipitated into the hold, some 18 feet below, receiving serious injuries, for which this action is brought.   During two days before the accident, the ladder had been used as the means of access to the hold by the various stevedores, including the libelant, and no accident occurred until the libelant fell.   The libelant says he knew the ladder was bad, and for that purpose he had used care when going up and down it.   There is no evidence from which to conclude that any person had used the batten before the libelant did.

Upon these facts, it must be held that negligence on the part of the ship's owner has been shown.   The ladder was furnished by the ship's owner, knowing that it was to be used by the stevedores who might load the cargo.   It was an unsafe structure, calculated, as shown by this accident, to inflict great bodily harm.   It was the duty of the ship's owner to provide the stevedores who were to load the cargo a safe means of access to the hold.   This duty he undertook to perform by providing the ladder in question.   When, therefore, instead of a proper ladder, he provided the unsafe ladder that caused the libelant's fall, he failed to discharge an obligation he was under to the libelant, and was guilty of

negligence, which renders him responsible to the libelant for the result of that negligence.

The next question raised is whether the libelant was also guilty of negligence in trusting the batten in the way he did. I incline to the opinion that he was. In this instance it was not the method of securing the ladder in its place that caused the injury; neither was it the general bad condition of the ladder. In general, the ladder had proved sufficient when used with care. The particular defect which caused the libelant's fall was the insecure condition of the fastening that attached the batten that gave way to the sides of the ladder. If this batten had been properly secured, the ladder would have supported the libelant, and no accident would have occurred. The batten was, however, insufficient, either because the nails were insufficient in size, or because the nails had been improperly driven in, or because the nails had become loose by use.

As to the security of the fastening of the batten at the time the libelant used it, he was as well able to judge as the ship's owner. Any defect in the nailing that would have appeared to any one would have been as apparent to the libelant as to the ship's owner. If the ship's owner is chargeable with knowledge of the insecure condition of the batten, the libelant, who used the ladder, is chargeable with the same knowledge. No person is justified in trusting himself upon a ladder without giving it that reasonable scrutiny which any person of ordinary intelligence about to use such a structure would naturally give it. If the libelant had scrutinized the batten to any considerable degree before trusting to it, he would have learned that it was insecure, and would have put his hands on the sides of the ladder, instead of on the batten, and so reached the hold in safety. His failure so to scrutinize the batten before trusting to it was negligence.

The negligence on the part of the libelant in omitting all scrutiny of the batten, although evident, as it seems to me, was neither willful, nor gross, nor inexcusable. He is therefore entitled to recover a part of his damages. By means of his injuries, he was rendered unable to do any work for five months, and he has never since the accident been able to do full work. His medical treatment was furnished by the hospital without charge.

Following the precedent of *The Explorer*, 20 Fed. Rep. 135, and *The Max Morris*, 24 Fed. Rep. 860, I allow him nothing for his pains and suffering, but allow him for loss of wages that he would have earned but for the accident. I think $500 will cover the loss. Let a decree be entered in his favor for that sum, with costs.