(75 South. 831)

### SOUTHERN RY. CO. v. ROBERTSON.
(7 Div. 433.)

(Court of Appeals of Alabama. June 5, 1917. Rehearing Denied June 26, 1917.)

1. NEW TRIAL ☜139—MOTION—NOTICE—DENIAL OF RIGHT.

Though defendant was entitled to notice of plaintiff's motion for new trial, it was denied no right by the court's action in not directing notice independent of that arising from the fact that the motion for new trial was spread on the motion docket at the same term at which verdict was rendered, or in hearing the motion without further notice, where counsel for defendant was present and represented it on hearing.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 279.]

2. NUISANCE ☜3(1)—CARCASS OF MULE—REMOVAL FROM RAILROAD RIGHT OF WAY.

A railroad, in removing a carcass of a dead mule from its right of way, was under duty to plaintiff not to place the carcass on plaintiff's premises without his consent, and in such close proximity to his residence that it would result in a private nuisance to him.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 4, 9, 20–22.]

3. MASTER AND SERVANT ☜319—INDEPENDENT CONTRACTOR—LIABILITY OF PRINCIPAL FOR TORT.

Where an independent contractor with a railroad to rid the road of a nuisance removed the carcass of a dead mule from the road's right of way, and placed it on plaintiff's premises, thus creating a nuisance to plaintiff, the road was liable, since a principal is liable for the acts of his independent contractor, where the principal owes duties to third persons or the public, in which case he cannot relieve himself from liability to the extent of the duty by committing the work to a contractor.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1259, 1260.]

4. NUISANCE ☜1—NEGLIGENCE.

Defendant's negligence is not an essential element in an action for damages resulting from a nuisance; the action is founded on the wrongful act in creating or maintaining the nuisance.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 1, 3.]

Appeal from Circuit Court, St. Clair County; J. E. Blackwood, Judge.

---

Suit by E. D. Robertson against the Southern Railway Company. There was verdict for defendant, and from an order granting plaintiff new trial, defendant appeals. Affirmed.

Knox, Acker, Dixon & Sterne, of Anniston, for appellant. M. M. Smith, of Pell City, for appellee.

BROWN, P. J. The plaintiff sued the defendant, appellant here, for creating a nuisance on the plaintiff's premises, by placing thereon the carcass of a dead mule, in such close proximity to the plaintiff's residence that the noxious odors arising therefrom interfered with the comfortable enjoyment of his premises, to his annoyance and hurt. At the conclusion of the evidence in the case, the court directed a verdict for the defendant, but on a subsequent day, on motion of the plaintiff, the verdict was set aside, and a new trial granted, and from the order granting a new trial, this appeal is prosecuted.

[1] There are but two questions presented for review. It is first insisted by appellant that it was entitled to notice of the motion for new trial, independent of notice arising from the fact that the motion was spread upon the motion docket at the same term of court at which the verdict and judgment were rendered. The record shows that counsel for appellant was present and represented it on the hearing of the motion, so if we concede that the defendant was entitled to notice, it was clearly denied no right by the action of the court in not directing further notice to be given or in hearing the motion without further notice.

[2] The other contention made is that Cornett, the party who removed the carcass of the mule from the defendant's right of way and placed it on the plaintiff's premises, was not the servant or agent of the defendant, but was an independent contractor, and that the defendant was not liable for damages resulting from a nuisance which resulted from the act of Cornett in placing the mule on plaintiff's premises. There was evidence tending to show that it was the duty of the defendant's section foreman to remove the carcass of the mule from the defendant's right of way, or bury it, so as to prevent a public nuisance on the right of way, to the annoyance of persons traveling on the defendant's railroad. In discharging the duty owing to its patrons to remove this carcass, it was under duty to the plaintiff not to place the carcass of the mule on his premises without his consent, and in such close proximity to his residence as that it would result in a private nuisance to him. "According to the authorities, there are two exceptions to the general rule as to the nonliability of the principal for the acts of an independent contractor; the first being, as stated by the court, where the work to be done is 'intrinsically dangerous, however skillfully performed,' and the second, where the 'employer owes certain duties to third persons or the public,' in which case 'he cannot relieve himself from liability, to the extent of that duty, by committing the work to a contractor.' " Montgomery Street Ry. Co. v. Smith, 146 Ala. 316, 39 South. 757; Sloss-Sheffield Steel & Iron Co. v. Hubbard, 14 Ala. App. 139, 68 South. 571. In Adler & Co. v. Pruitt, 169 Ala. 221, 53 South. 318, 32 L. R. A. (N. S.) 889, it is said:

"Those are joint tort-feasors who contribute to the tort with common intent; in this case, not of course the intent to work injury to the plaintiff, but the intent to maintain the purification plant, which did result in injury."

[3] That same reasoning can be applied here. The common intent of the defendant and Cornett was to rid the defendant's premises of a nuisance that would result from having the carcass on the defendant's premises, and in accomplishing this result, a nuisance was created, to the annoyance and hurt of the plaintiff, so, assuming that Cornett was an independent contractor, the defendant would be liable, and there was not such variance in the averments and proof as will prevent a recovery by the plaintiff. Stith v. Harris, 14 Ala. App. 181, 68 South. 797; Ex parte Stith Coal Co., 193 Ala. 682, 69 South. 1020.

[4] Negligence of the defendant is not an essential element in an action for damages resulting from a nuisance; the action is founded on the wrongful act in creating or maintaining the nuisance—in this case, in creating it. Alabama Western R. R. Co. v. Wilson, 1 Ala. App. 312, 55 South. 932; Sloss-Sheffield Steel & Iron Co. v. Mitchell, 161 Ala. 278, 49 South. 851. The application for rehearing ignores the principle that the defendant owed the plaintiff a duty not to create a nuisance on his premises. If we should grant the contention that the defendant could avoid liability by employing an independent contractor in such cases, then by employing an irresponsible insolvent who could, with impunity, violate the rights of a third party the rule of law imposing a duty on the principal would be rendered futile and useless.

Moreover, it was a question of fact for the jury as to whether Cornett was the agent or servant of the defendant or an independent contractor.

Affirmed.