(102 So. 115)

**THOMAS v. SAULSBURY & CO. et al.**
(2 Div. 844.)

(Supreme Court of Alabama. Oct. 23, 1924. On Rehearing, Nov. 27, 1924.)

1. **Highways ⊛200—Person erecting barriers across highway must make them visible at safe distance.**

Person closing highway by erecting barriers owes public the duty to so construct barriers as to be readily seen at a safe distance by ordinary observation.

2. **Master and servant ⊛319—Contractor, owing public duty in performance of work, is liable for subcontractor's negligence.**

Where a duty to the public exists in the manner of executing the work undertaken, a contractor, who places the performance of such duty in the hands of another, is liable for the other's negligence.

3. **Master and servant ⊛302(1)—Negligence must be within scope of employment to render master liable.**

Under doctrine of respondeat superior, liability only exists when negligence causing injury is within scope of employment.

4. **Highways ⊛200—Highway contractor and subcontractor not engaged in "joint enterprise."**

Relationship of highway contractor and subcontractor each engaged in different work at separate points is not a "joint enterprise" as basis for tort action.

5. **Parties ⊛56 — Recovery cannot be had against subcontractor, where case is not made against contractor who was original party, subcontractor having been brought in by amendment.**

Recovery cannot be had against either road contractor or subcontractor, where a case was not made against contractor, and where action was originally brought against contractor, and subcontractor was added by amendment.

6. **Dismissal and nonsuit ⊛56 — Discontinuance not proper when original party not stricken, and case went to jury against both defendants.**

Where original party, not shown to be liable, was not stricken by amendment, or otherwise, and case went to jury against him and party brought in by amendment, it was not proper case for motion for discontinuance.

On Rehearing.

7. **Highways ⊛113(4)—Subcontractor has implied authority to do what is necessary in performing work.**

Highway subcontractor has implied authority to do what is reasonably necessary and incidental to the work committed to him.

8. **Highways ⊛213(2)—Jury question whether closing road by subcontractor was incident to performance of work.**

It is a jury question whether closing road by subcontractor was a necessary incident to performance of his work in view of nature of the work.

9. **Highways ⊛213(1)—Jury question whether road subcontractor was contractor's employee.**

It is a jury question whether road subcontractor was an employee of contractor with implied authority to procure order closing road from board of revenue, and to proceed to close the road, if so, contractor was liable for injuries proximately resulting from his negligence.

⊛For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**10. Highways** ⬦═213(2)—**Evidence held to present jury question whether barrier was properly constructed, and whether plaintiff had notice of closing of road.**

In action for injuries caused by collision with barrier across highway, evidence *held* to take question to jury whether barrier was properly constructed, and whether plaintiff had notice that road was closed.

Appeal from Circuit Court, Sumter County; John McKinley, Judge.

Action for damages for personal injuries by Howard Thomas against Saulsbury & Co., and Parsons & Dabbs, partnerships, and the individual members thereof. From a judgment for defendants, plaintiff appeals. Reversed and remanded on rehearing.

John W. Altman and W. A. Denson, both of Birmingham, for appellant.

A duty owed by the original contractor to the public cannot be evaded by transferring the contract to another. Montgomery S. Ry. Co. v. Smith, 146 Ala. 316, 39 So. 761; Sou. Ry. v. Robertson, 16 Ala. App. 155, 75 So. 832; Scoggins. v. Atlantic & Gulf P. C. Co., 179 Ala. 213, 60 So. 178; Sloss Co. v. Hubbard, 14 Ala. App. 139, 68 So. 572; Code 1907, § 7733; Schiverea v. Brooklyn Heights R. Co., 89 App. Div. 340, 85 N. Y. S. 902; City & Suburban R. Co. v. Moores, 80 Md. 348, 30 A. 643, 45 Am. St. Rep. 346; 26 Cyc. 1562. It was error to give the general charge for defendants. Amerson v. Coronoa C. & I. Co., 194 Ala. 175, 69 So. 601; Rarden Mer. Co. v. Whiteside, 145 Ala. 617, 39 So. 576; Hayes v. Dunn, 136 Ala. 531, 34 So. 944.

Patton & Patton, of Carrollton, and Goodwyn & Ross, of Bessemer, for appellees.

Joint action could not be maintained. against the defendants, unless they were jointly guilty of the negligence complained of. R. & D. Ry. v. Greenwood, 99 Ala. 501, 14 So. 495; Ehsley L. Co. v. Lewis, 121 Ala. 94, 25 So. 729; 17 A. & E. Ency. Law, 602. The general charge being given for Saulsbury & Co., Parsons & Dabbs were also entitled to such charge; and entire change of parties having been wrought. Code 1907, § 5367; S. A. & M. R. Co. v. Buford, 106 Ala. 303, 17 So. 395; Rarden v. Whiteside, 145 Ala. 617, 39 So. 576; Johnson v. Martin, 54 Ala. 271. Grand Lodge v. Goodwin, 204 Ala. 213, 85 So. 553. Saulsbury & Co. were not liable for the negligence of the subcontractors. Massey v. Oates, 143 Ala. 248, 39 So. 142.

BOULDIN, J. The action is for personal injuries received by coming in collision with obstructions upon and across a public highway. The highway was in process of reconstruction under contract with the state highway department. The barrier complained of was placed across the road for the purpose of closing a section of the road to public travel, after obtaining an order to close from the board of revenue of the county.

[1] One who exercises the privilege of closing a public highway by the erection of barriers thereon owes the duty to the public to so construct same as to be readily seen at a safe distance by ordinary observation. This principle is not questioned, but presented one of the issues of fact on the trial. Owing to the turn which the case took, no rulings are here presented on the question whether the obstruction was properly constructed and maintained.

Certain work on the section of road involved was being done by a subcontractor, who erected and maintained the obstruction with which plaintiff came in contact. The primary inquiry here is whether there was evidence tending to support a claim of liability against the contractor for alleged negligence of the subcontractor.

The contract in writing between contractor and subcontractor required the subcontractor to furnish all material, labor, and equipment for the construction and completion of the work of clearing and grubbing, rock and earth excavation, and hauling slag and pipe, and providing grass shoulders for the road, all according to plans and specifications on file in the state highway department. The plans and specifications are made a part of the contract, but are not set out in the record.

The evidence shows that the subcontractor was engaged in work on the section of road sought to be closed to public travel; that the contractor, who retained the work of erecting bridges and culverts and concreting the surface, was not to begin until the subcontractor had completed work and turned it over to the contractor; that a short section had been turned over and concreted, and work on culverts was being done at another point, but at the point of the obstruction complained of the road was still under the control of the subcontractor in course of construction. The subcontractor, with relation to the work committed to him, was an independent contractor and not an employee. As a general rule, the law of respondeat superior does not obtain in such case.

[2] An exception, however, obtains where a duty to the public exists in the manner of executing the work undertaken by the contractor. Such duty exists when the execution of the work tends to create a nuisance; when it is dangerous within itself, as in blasting operations; when the work requires the creation of dangerous conditions, such as ditches and the like in a public highway; or generally when the maintenance of safe conditions in connection with the work is essential to the protection of the public. In such

case the chief contractor cannot transfer his public duty to a subcontractor. If the contractor places the performance of such duty in the hands of another, to that extent, that other is in law the mere agent, and the contractor is liable for his negligence. Montgomery St. Ry. Co. v. Smith, 146 Ala. 316, 39 So. 757; Scoggins v. Atlantic & G. P. Cement Co., 179 Ala. 213, 60 So. 175; So. Ry. Co. v. Robertson, 16 Ala. App. 155, 75 So. 831; Sloss-Sheffield S. & I. Co. v. Hubbard, 14 Ala. App. 139, 68 So. 571; Adler & Co. v. Pruitt, 169 Ala. 221, 53 So. 315, 32 L. R. A. (N. S.) 889. Our main task arises in making application of these principles in the case before us.

[3] Under the doctrine of respondeat superior liability exists only when the negligent act or omission causing injury is within the line and scope of employment. This applies to all cases alike. It rests upon plain principles of natural justice. Did the injury here arise from a negligent act of the subcontractor within the line and scope of employment?

The contract related to the construction of the road—the doing of specified work. As incident to such work on a public highway, there was a public duty not to endanger the passing public by any negligence in construction operations, such as felling trees, blasting, or making dangerous excavations and leaving them unguarded and without danger signals. Such negligence, arising out of and incident to the road construction work, was within the line and scope of employment, and would impose liability on the contractor, whether done by an employee or a subcontractor.

Closing a road to public travel involves several factors distinct from road construction itself. The necessity therefor must be determined by the proper public authority, and a permit granted, unless it is a part of the contract made with such authorities. Detours must either exist or be provided. When the permit is obtained, the new duty of providing proper warning notices or barriers to advise the public that the road is closed comes into being.

Closing the highway is a thing apart from the actual work of construction. We find nothing in the contract carrying authority to the subcontractor to assume this duty. If such authority is to be implied from acquiescence on the part of the contractor, the burden of proof is on plaintiff to show knowledge. The duty to see that safe means of closing the road were employed could not arise without knowledge that some means were being used to that end.

For all that appears, the permit to close the road was obtained by the subcontractor on his own initiative, for his own protection and convenience, and the barriers complained of were erected without the knowledge of the contractor; that his first information thereof was obtained on investigation after the accident.

[4] We do not think liability of both contractor and subcontractor can be predicated on the theory of a joint enterprise. Such liability grows out of a joint relation to the undertaking resulting in the injury. The relation of contractor and subcontractor, each engaged in a different work at separate points on a common project, is not the relation involved in a joint enterprise as a basis for an action of tort. The joint liability here must rest on the law of respondeat superior, growing out of committing a nondelegable public duty to another. We think the evidence does not make a case of that sort.

[5] The original suit having been brought against the contractor, and the subcontractor having been added by amendment, and having failed to make out a case against the contractor, recovery could be had against neither. To do so would be to permit an entire change of parties defendant.

[6] It was not a proper case for a motion for discontinuance. The original party was never stricken by amendment or otherwise. The cause went to the jury against both defendants. In this regard the case differs from Rarden v. Whiteside, 145 Ala. 617, 39 So. 576.

It was proper to give the general affirmative charge as to both defendants. Under the evidence, as applied to the case in hand, a recovery could be had only against both or neither.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

## On Rehearing.

BOULDIN, J. Upon further consideration the court has reached the following conclusions:

[7, 8] The contract between the contractor and subcontractor carried implied authority to do what was reasonably necessary and incidental to the work committed to the subcontractor. The nature of the work covered by the subcontract was such as to make it a jury question whether the closing of the road to public travel was a necessary incident to the proper performance of the work of the subcontractor.

[9, 10] It became, therefore, a jury question whether the subcontractor, who, in this regard, must be treated as an employee, had implied authority to procure the order from the board of revenue, and proceed to close the road by erecting barriers thereon. If so, the original contractor would become liable for injury resulting proximately from the negligence of the subcontractor in the manner of erecting or maintaining such obstruc-

tions. However strong the evidence may be to the effect that the obstructions were properly constructed, or that plaintiff had notice of the road being closed to public travel, there was evidence which made these issues proper for the consideration of the jury.

It results that the application for rehearing should be and is hereby granted, the former judgment of affirmance set aside, the judgment of the court below reversed, and the cause remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.