Mary Alice Danford and her daughter, Denise, sued Doug Arnold, William Nichols, and Howell Plywood Corporation, alleging that they had negligently or wantonly caused or allowed an accumulation of mud on a Houston County road during logging operations being conducted on property adjacent to the road. The Danfords alleged in their complaint that the mud on the roadway created a hazardous condition that caused them to have an automobile accident. The Danfords sought compensation for property damage and personal injuries that they allegedly sustained in the accident.
The logging operations were taking place on property owned by Arnold. Howell Plywood had purchased the timber from Arnold through a contract negotiated by Nichols, an employee of Howell Plywood. The timber was being cut for Howell Plywood by Jackie Smith, d/b/a Smith Pulpwood Company, which was not named as a party in the suit. Before trial, Nichols was dismissed as a defendant by stipulation of the parties. The suit, therefore, proceeded to trial with Arnold and Howell Plywood as the remaining defendants. At the close of the Danfords' evidence, the trial court granted Arnold's and Howell Plywood's motions for a directed verdict. The Danfords appealed from the judgment entered on the directed verdict.
The sole issue raised on appeal is whether the trial court erred in directing a verdict for Arnold and Howell Plywood. The Danfords contend that the directed verdict was improper, because, they argue, they offered substantial evidence to show negligence or wantonness by both Arnold and Howell Plywood.
The office of a directed verdict motion is to test the sufficiency of the opponent's evidence. Coburn v. AmericanLiberty Ins. Co., 341 So.2d 717 (Ala. 1977). In ruling on a motion for a directed verdict, a trial court must view the entire evidence in the light most favorable to the nonmoving party. Caterpillar Tractor Co. v. Ford, 406 So.2d 854 (Ala. 1981). The party seeking a directed verdict must demonstrate that there is no genuine issue of material fact and that it is entitled to a judgment as a matter of law. Bazzel v. Pine PlazaJoint Venture, 491 So.2d 910 (Ala. 1986).
Because this action was filed after June 11, 1987, the applicable standard of review is the "substantial evidence rule." Ala. Code 1975, § 12-21-12; Watters v. Lawrence County,551 So.2d 1011 (Ala. 1989). Thus, a directed verdict is proper when the claimant has failed to present substantial evidence as to one or more elements of his cause of action. Substantial evidence is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida,547 So.2d 870 (Ala. 1989). Therefore, in order for the Danfords to defeat the motions for directed verdict filed by Arnold and Howell Plywood, the Danfords were required to present substantial evidence that there was a duty owed to them by the defendants, that that duty was breached, and that the breach of that duty was the proximate cause of their injury. See Jones v.Newton, 454 So.2d 1345 (Ala. 1984).
The record shows that Arnold's only involvement in the circumstances surrounding this case was that he sold the timber on his property to Howell Plywood, pursuant to a contract negotiated with Howell Plywood through Nichols. The undisputed testimony showed that Arnold could recall visiting the job site on one occasion and *Page 547 
that he never observed any mud on the road from the logging operations. There is no evidence in the record upon which a jury could find any duty owed by Arnold to the Danfords, much less a breach of any duty by Arnold that resulted in injury to the Danfords. We find no error by the trial court in directing a verdict for Arnold.
With regard to Howell Plywood, the Danfords contend that a directed verdict was improper because, they say, Howell Plywood is liable, under agency principles, for the negligent acts of the loggers removing the timber from Arnold's property. The Danfords argue that Smith was not an independent contractor, but that he and his employees were actually employees of Howell Plywood, and that Howell Plywood is, therefore, liable for Smith's negligent acts.
This Court has stated on numerous occasions that the test for determining whether one is an independent contractor or is an employee is whether the alleged employer has reserved the right to control the means and agencies by which the work is done, not whether the alleged employer has actually exercised such control. See, e.g., Pugh v. Butler Telephone Co.,512 So.2d 1317 (Ala. 1987). However, the right to control is not established by a showing that the alleged employer retains the right to supervise the alleged employee merely to determine if the employee performs in conformity with the contract. Williamsv. Tennessee River Pulp Paper Co., 442 So.2d 20 (Ala. 1983). The burden of proving agency rests upon the party asserting agency. Federal Land Bank of New Orleans v. Jones, 456 So.2d 1
(Ala. 1984).
In the instant case, the evidence, when viewed in a light most favorable to the Danfords, clearly shows that Smith was an independent contractor as to Howell Plywood. The evidence presented by the Danfords at trial established that Nichols visited the job site to determine if Smith was performing in conformity with his contract with Howell Plywood. Nichols testified that he showed Smith the location of the timber he had purchased from Arnold and told Smith where to cut and where to carry the logs. Nichols further stated that Smith did the logging according to his own specifications. Neither Nichols nor Howell Plywood cut any timber.
Smith testified that he was paid by Howell Plywood on a production-type basis to harvest the timber on Arnold's property. Smith and his employees cut the timber and loaded it onto a truck owned by Lawrence Armstrong to be delivered to Howell Plywood. Smith had contracted with Armstrong to haul the logs. Smith paid Armstrong on the basis of a per-mile rate or a minimum set rate to haul all the timber that was cut from the Arnold property.
While Smith was removing timber from the Arnold property, Smith had two or three employees working for him and he owned the equipment that was being used on the job. Smith maintained his own payroll for his employees and carried workmen's compensation insurance on them. According to Smith, neither Nichols nor anyone else from Howell Plywood came to the job site to tell him how to do his job, but employees of Howell Plywood visited the job site merely to check the progress of the work. The evidence indicated that the manner in which the operation was run was totally up to Smith.
In their brief, the Danfords direct our attention to certain evidence in the record that they assert indicates the existence of an agency relationship. However, after examining this evidence, we find nothing to show that Smith was an agent of Howell Plywood. While we recognize that whether an agency relationship exists is generally a question of fact for the jury to determine, Cheatham v. General Motors Corp.,456 So.2d 1101 (Ala.Civ.App. 1984), even matters that are usually considered to be jury questions can be resolved on a motion for directed verdict when, as in the present case, the evidence clearly warrants it. Osborn v. Johns, 468 So.2d 103 (Ala. 1985). At best, the evidence in this case was sufficient to establish only that Howell Plywood employees appeared on the job site to monitor the progress of the work or to advise Smith as to what timber should be cut and where the logs were to *Page 548 
be hauled. There is no evidence that Howell retained or exercised any control over the method or means by which Smith was to cut or remove the timber.
The Danfords further contend, however, that even if Smith was an independent contractor of Howell Plywood, Howell Plywood is still liable to the Danfords under an exception outlined inThomas v. Saulsbury Co., 212 Ala. 245, 102 So. 115 (1924). InThomas, this Court discussed an exception to the general rule concerning liability of a contractor for the negligence of a subcontractor. The rule of Thomas is that a contractor cannot transfer liability to a subcontractor where the work undertaken by the subcontractor creates an unreasonably dangerous condition, e.g., blasting operations.
The Danfords argue that the logging operations being conducted on Arnold's property created a dangerous condition in that mud was left on the roadway adjacent to the property, and that this falls within the exception to the general legal principles concerning independent contractors. We disagree with the Danfords' argument. This Court has previously held that, as a matter of law, the hauling of timber does not constitute a peculiar risk of physical harm that requires special precautions. Williams v. Tennessee River Pulp Paper Co.,supra, citing Thomas v. Saulsbury Co., supra.
After considering the evidence in the record, we conclude that the Danfords failed to establish the requisite elements of their cause of action against Arnold and Howell Plywood. Therefore, the trial court correctly directed a verdict for the defendants. The judgment of the trial court is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.