ADAMS, Justice.
Marshall Sims appeals from a judgment based on a directed verdict in favor of Star-Mindingall Water System (“Star”) in Sims’s action seeking compensation for personal injuries and damage to his vehicle. We reverse and remand.
On the evening of October 11, 1988, Sims was injured when the vehicle he was driving struck a four-foot-high pile of dirt situated in his lane of travel. The dirt was from a roadside excavation and had been placed in the roadway by employees of Key Plumbing, Inc. (“Key”), who were engaged in repairing a broken water line owned by Star.
Sims sued Star on October 10, 1990. At trial, Sims produced testimony indicating that Key had failed to provide any warning lights or warning signs at the scene of the excavation. At the close of Sims’s case, Star moved for a directed verdict on the ground,* inter alia, that Key was an independent contractor and that, consequently, any negligence attributable to Key’s excavation and repair of the water line could not, as a matter of law, be imputed to Star. The trial court agreed with Star and grant *1369 ed its motion on this ground. Whether this ground provides a proper basis for a directed verdict under the facts of this case is the only substantial issue presented on appeal.
As a general rule, “an employer or con-tractee is not liable for the torts of an independent contractor.” 41 Am.Jur.2d Independent Contractors § 24 (1968). “An exception, however, obtains where a duty to the public exists in the manner of executing the work undertaken by the [employer].” Thomas v. Saulsbury & Co., 212 Ala. 245, 246,102 So. 115, 116 (1924). Stated more fully:
“Such duty exists when the execution of the work tends to create a nuisance; ... when the work requires the creation of dangerous conditions, such as ditches and the like in a public highway; or generally when the maintenance of safe conditions in connection with the work is essential to the protection of the public. ...
[[Image here]]
“... As incident to [road construction] on a public highway, there was a public duty not to endanger the passing public by any negligence in construction operations, such as felling trees, blasting, or making dangerous excavations and leaving them unguarded and without danger signals. Such negligence, arising out of and incident to the road construction work, was within the line and scope of employment, and would impose liability on the contractor, whether done by an employee or a subcontractor.”
212 Ala. at 246-47, 102 So. at 116 (emphasis added).
On the basis of this exception, our cases have long recognized that one causing or initiating excavations on or about the public thoroughfares of this state owes to the public a nondelegable duty to protect travellers from an unreasonable risk of harm caused by the excavations. Thomas v. Saulsbury & Co.; Montgomery Street Ry. v. Smith, 146 Ala. 316, 327, 39 So. 757 (1905) (the operator of a “street railway” could be liable for injuries to pedestrians who fell into street excavations negligently constructed or guarded by an independent contractor hired to repair the railway tracks); Walter L. Couse & Co. v. Hardy Corp., 49 Ala.App. 552, 274 So.2d 316 (Ala. Civ.App.1972) (contractor could be liable for the acts of an independent subcontractor in “causing a public sidewalk to be in such condition that it was not reasonably safe for use by pedestrians” [emphasis in original]), cert. denied, 290 Ala. 134, 274 So.2d 322 (1973).
Star concedes the existence of this rule. It contends that the rule is, nevertheless, inapplicable in this case because Key’s alleged negligence in placing the dirt in the roadway was, in the words of the trial court, “collateral to the job of repairing the water main and not inherent in the job.” We disagree. By definition, excavation requires the removal of dirt and, ipso facto, involves the placement of the dirt. The elements of such an operation cannot be separated absent resort to mere sophistry.
For these reasons, we hold that Star owed a duty to ensure that Key’s excavation did not cause an unreasonable danger to Sims or other members of the travelling public by the placement of the dirt in the roadway. Consequently, the judgment of the trial court is reversed and the cause is remanded for further proceedings.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, STEAGALL and INGRAM, JJ., concur.