This is an appeal from a directed verdict in favor of State Farm Automobile Insurance Company (State Farm) on a complaint alleging a bad faith refusal to pay an insurance claim.
In July 1987, Peder Emanuelsen filed a complaint against State Farm, alleging a breach of contract and a bad faith refusal to pay an insurance claim. Emanuelsen sought compensatory and punitive damages, plus interest and costs. Emanuelsen amended his complaint to allege that State Farm had engaged in a pattern and/or practice of failing or refusing to pay the proper amounts due on its insurance policies, and requested $1,000,000 in punitive and compensatory damages, plus interest and costs. State Farm's motion for directed verdict was granted as to the bad faith claim; however, ultimately, the jury awarded Emanuelsen $1,056.24 on the contract claim, plus $412.03 in accrued interest. Emanuelsen's post-judgment motion was denied; hence, this appeal.
Emanuelsen's only issue on appeal is whether the trial court erred in directing a directed verdict in favor of State Farm on his claim alleging bad faith refusal to pay an insurance claim.
A motion for a directed verdict tests the sufficiency of the opponent's evidence, and the "party seeking a directed verdict must demonstrate that there is no genuine issue of material fact and that it is entitled to a judgment as a matter of law."Danford v. Arnold, 582 So.2d 545, 546 (Ala. 1991). Furthermore, the trial court must view the evidence in a light favoring the nonmovant. Danford, supra. This action was initiated several weeks after the "scintilla rule" was abolished, and therefore, the "substantial evidence rule" applies. Ala. Code 1975, §12-21-12. Substantial evidence is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida,547 So.2d 870, 871 (Ala. 1989).
The elements a plaintiff must prove in a claim of "bad faith refusal" to pay a valid insurance claim were clearly announced by our Supreme Court as follows:
 "(a) an insurance contract between the parties and a breach thereof by the defendant;
 "(b) an intentional refusal to pay the insured's claim;
 "(c) the absence of any reasonably legitimate or arguable reason for that refusal (the absence of a debatable reason);
 "(d) the insurer's actual knowledge of the absence of any legitimate or arguable reason;
 "(e) if the intentional failure to determine the existence of a lawful basis is relied upon, the plaintiff must prove the insurer's intentional failure to determine whether *Page 31 
there is a legitimate or arguable reason to refuse to pay the claim."
National Security Fire Casualty Co. v. Bowen, 417 So.2d 179,183 (Ala. 1982).
To prove a bad faith claim, a plaintiff must go beyond merely showing nonpayment; i.e., it is incumbent on the plaintiff to show that the insurance company had no legal or factual defense to the claim. National Savings Life Insurance Company v.Dutton, 419 So.2d 1357 (Ala. 1982). Further, "if the evidence produced by either side creates a fact issue with regard to the validity of the claim and, thus, the legitimacy of the denial thereof, the tort claim must fail and should not be submitted to the jury." Dutton at 1362.
The standard adopted in Dutton is referred to as the "directed verdict on the contract claim standard." See Burkettv. Burkett, 542 So.2d 1215, 1218 (Ala. 1989). That standard is stated as follows:
 "In the normal case in order for a plaintiff to make out a prima facie case of bad faith refusal to pay an insurance claim, the proof offered must show that the plaintiff is entitled to a directed verdict on the contract claim, and, thus, entitled to recover on the contract claim as a matter of law."
Dutton at 1362. On a case-by-case basis, there have been few exceptions carved from the category of "ordinary bad faith cases." See Ex parte Blue Cross Blue Shield of Alabama,590 So.2d 270 (Ala. 1991).
The record reveals that the hood of Emanuelsen's automobile was damaged when a tree limb fell on it. After Emanuelsen contacted his State Farm agent, the agent and Emanuelsen met with the State Farm estimator to examine the damage to the vehicle. The estimator testified that after the hood was raised so that he could determine if the damage appeared underneath the hood, Emanuelsen became angry, slammed the hood closed, told the estimator to forget the claim because he had already ordered a new hood, and drove away without allowing the estimator to complete his examination of the hood. The estimator noted Emanuelsen's intention to abandon the claim and obtain a new hood himself was noted by the estimator, and the business papers regarding the claim were admitted into evidence.
Emanuelsen testified that he subsequently obtained estimates from different shops to replace the hood, but that he never submitted any estimates to State Farm's claims office. Emanuelsen contends that the estimate made by State Farm's estimator was so insufficient as to amount to bad faith. Particularly, Emanuelsen argues that the estimator did not consider the proper painting used on his car when preparing the estimate.
In the case sub judice, State Farm presented a defense that legitimizes its denial of Emanuelsen's claim. The insurance policy clearly states that State Farm's liability for damages covers the "cost of repair or replacement." The evidence is clear that when State Farm attempted to exercise its option to pay for the repair of the hood, Emanuelsen rejected the offer as insufficient, and he admitted at trial that he would not be satisfied with repairing the hood. There was an obvious dispute regarding the adequacy of State Farm's estimate, and Emanuelsen was not entitled to a directed verdict on the breach of contract action. Therefore, the trial court properly directed a verdict for State Farm's motion for a directed verdict on the bad faith claim, and its judgment is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.